Filed 6/9/23  In re A.R. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.R. et al., Persons Coming Under the Juvenile Court Law. | B316686 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. M.F., Defendant and Appellant. | (Los Angeles County Super. Ct. Nos. 21CCJP03030B, 21CCJP03030C, 21CCJP03030D,) |

APPEAL from orders of the Superior Court of Los Angeles County, Martha Matthews, Judge.  Affirmed.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Interim County Counsel, Kim Nemoy, Assistant County Counsel, and Jane E. Kwon, Deputy County Counsel, for Plaintiff and Respondent.

————————————

Mother appeals the juvenile court's disposition orders under Welfare and Institutions Code section 361.[1]  Mother contends that because the Los Angeles County Department of Children and Family Services (Department) did not notify maternal relatives that they could seek placement of her four children, the juvenile court's placement orders were in error.  The Department contends that mother has not appealed the placement of her oldest child, M.F., and forfeited the relative placement issue by failing to raise the issue before the trial court.[2]  We disagree with mother and affirm the orders.

The parties are familiar with the facts and our opinion does not meet the criteria for publication.  (Cal. Rules of Court, rule 8.1105(c).)  We accordingly resolve the cause before us, consistent with constitutional requirements, via a written opinion with reasons stated.  (Cal. Const., art. VI, § 14; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261–1264 [discussion of issue on appeal need not discuss every fact or legal authority raised by parties].)

———————

[1] Further statutory references are to the Welfare and Institutions Code.

[2] The Department also filed a motion to dismiss on February 7, 2023, raising the same arguments.  The Department's motion to dismiss is granted for the reasons stated in this opinion.

***Mother's appeal does not include orders as to her oldest child, M.F.***

At a disposition hearing on November 24, 2021, the juvenile court ordered all four of mother's children removed from her custody. The clerk's transcript for this appeal includes three disposition orders, for three of mother's four children: A.R. (born June 2015), K.T. (born March 2019), and K.R. (born October 2020). Our record does not include a disposition order for mother's oldest child, M.F. Mother filed two notices of appeal. The first was filed on November 29, 2021, and identified A.R., K.T., and K.R. as the children subject to the notice of appeal. The notice stated mother was appealing "[a]ny and all appealable issues from the Dispositional hearing on November 24, 2021, including ordering Mother to complete 12 consecutive drug tests despite the court dismissing Mother's substance abuse allegation." On December 17, 2021, mother filed a second notice of appeal, limited to A.R. only, appealing from the dispositional hearing on November 24, 2021, as well as a December 10, 2021 custody order that terminated dependency jurisdiction over A.R.

A parent's "notice of appeal must be construed liberally to encompass an order not expressly mentioned only when it is ' "reasonably clear" ' the appellant intended to appeal from the unmentioned order." (*In re J.F.* (2019) 39 Cal.App.5th 70, 78.) However, "the policy of liberal construction 'does not apply if the notice is *so specific* it cannot be read as reaching a judgment or order not mentioned at all.' " (*Ibid*.)

Here, both notices of appeal expressly identified the three minors at issue; neither identified M.F. Further, mother's opening brief in this court does not address the absence of M.F.'s

name on either notice of appeal. Because the failure to include M.F. in the notices of appeal resulted in a clerk's transcript that does not contain any minute orders relating to M.F., including the disposition order that mother seeks to reverse, mother cannot credibly claim she was unaware of the omission. Even giving the notices of appeal a liberal construction, mother has failed to show it is reasonably clear those notices include any order concerning M.F. Nor do we have an adequate record upon which to rule on any alleged error as to M.F.

### *Relative placement issue forfeited*

Mother argues Department has an initial and continuing duty of inquiry under sections 309 and 361.3 to identify and notify maternal relatives of the children's detention,[3] and the Department's failure to meet its duty here resulted in her children being placed in three different nonrelated homes.[4] The

---

[3] Mother analogizes the Department's failure to seek out maternal relatives to the error found when the Department fails to ask extended relatives about potential Indian ancestry under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) and related state law. (§ 224.2.) We find the analogy unpersuasive, given the markedly different purposes of the two statutory schemes.

[4] Mother explains in her opening brief that local form CK010 is a relative information sheet that gives notice and instructions to parents to provide all potential relatives information for placement consideration in writing and explains the consequences of failure to do so. She argues that the absence of a completed form demonstrates as a matter of law that the

4

Department contends mother forfeited the issue of relative placement because she did not raise the issue before the trial court. The Department further argues the court's placement decisions were reasonable and mother has not shown any claimed error to be prejudicial. On the record before us, we agree that mother forfeited her ability to raise the issue of relative placement on appeal, and we decline to exercise our discretion to reach mother's argument. In addition, even assuming error, mother has not shown prejudice.

Within 30 days of removing a minor from parental custody, the Department is required to conduct an investigation to identify and locate the minor's relatives (as defined by statute) and notify the relatives, orally and in writing, when possible, of minor's removal and the relatives' options to participate in the minor's care and placement. (§ 309, subd. (e)(1); see *In re R.T.* (2015) 232 Cal.App.4th 1284, 1296.) When the juvenile court removes a child from parental custody, section 361.3, subdivision (a), requires that relatives of the child who have requested placement be given preferential consideration. " 'Preferential consideration' means that the relative seeking placement shall be the first placement to be considered and investigated." (§ 361.3, subd. (c)(1).) "The relative placement preference, however, is not a relative placement *guarantee*." (*In re Joseph T.* (2008) 163 Cal.App.4th 787, 798; see *In re Stephanie M.* (1994) 7 Cal.4th

---

Department and the court did not make reasonable efforts to place the children with relatives. We decline to consider the substance of mother's argument because we conclude mother forfeited the relative placement issue. However, we note that nothing in the text of form CK010 imposes any obligation on the court or the Department to ensure it is completed or filed.

295, 320 [even when relative preference applies, it does not overcome juvenile court's duty to determine the best interest of a child].)

An appellate court "ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." (*Ibid*.) The rationale behind the forfeiture rule is that it would be "inappropriate to allow a party not to object to an error of which the party is or should be aware." (*In re Dakota S.* (2000) 85 Cal.App.4th 494, 501.) Although "application of the forfeiture rule is not automatic" and the reviewing court has "discretion to excuse forfeiture," that discretion "must be exercised with special care" in dependency proceedings, because they "involve the well-being of children" and "considerations such as permanency and stability are of paramount importance." (*In re S.B.*, at p. 1293.) When a parent fails to bring the issue to the juvenile court's attention, the issue of relative placement can be forfeited, even when a relative has come forward. (*In re A.K.* (2017) 12 Cal.App.5th 492, 500–501.)

Mother and her appointed counsel had ample opportunity to object to the Department's failure to consider additional maternal relatives as placement alternatives, but raised no such objection. To the contrary, mother said she was happy with the placement plans for K.T. and K.R., and when the court asked mother's counsel if she had any requests at a hearing on August 25, 2021, counsel's only request focused on a meeting with mother, the social worker, and the caregivers to coordinate mother's access to in-person visitation. The court granted the

6

request in full. At the disposition hearing, mother's counsel asked for the children to be returned to her custody, and alternatively asked the court to modify the proposed visitation orders for her children, but did not object to any failure to consider maternal relatives as placement options. Even on appeal, mother does not identify any maternal relatives the Department might consider. Instead, her argument focuses on the Department's failure to ask mother or other relatives "about other relatives that may be available to take placement." Mother forfeited the relative placement issue by failing to raise it before the juvenile court.

Even if we were to find the court's lack of inquiry about the existence of other maternal relatives to constitute error, mother has not shown prejudice. Mother has not identified any relative that the Department could have considered that would lead to a more favorable result for her. The "court is not to presume that a child should be placed with a relative, but is to determine whether such a placement is appropriate, taking into account the suitability of the relative's home and the best interest of the child." (*In re Stephanie M.*, *supra*, 7 Cal.4th at p. 321, italics omitted.) Mother's abstract argument that there might be maternal relatives to consider is insufficient to support any finding of prejudice.

## DISPOSITION

The orders are affirmed.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


RUBIN, P. J.


BAKER, J.